UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAY CHEN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>XIYAN ZHANG, et al.,<br><br>　　　　Defendants. | Case No. 24-cv-03942-JST<br><br>**ORDER DENYING MOTION TO STAY TRANSFER ORDER**<br><br>Re: ECF No. 33 |

On November 25, 2024, the Court transferred this case to the Southern District of New York pursuant to the first-to-file rule. ECF No. 32. The case was electronically transmitted to the Southern District of New York and entered on the docket of that court on November 26, 2024, as Case No. 4:24-cv-09050-PAE (S.D.N.Y.). Later that same day, Plaintiff May Chen filed a document entitled "Emergency Motion for Stay of Order Transferring Action to Allow Plaintiff the Opportunity to Request for Permission to File an Interlocutory Appeal under 28 U.S.C. § 1292(B) or File a Writ of Mandamus." ECF No. 33.

This Court lost jurisdiction over this case when it was docketed in the Southern District of New York. *See Lou v. Belzberg*, 834 F.2d 730, 733 (9th Cir. 1987) (holding that the "docketing date" is when a transfer becomes effective and when the jurisdiction of the transferor court ends); *Ames v. Wells Fargo Bank, N.A.*, No. 23-CV-01080-DMR, 2023 WL 7434359, at *1 (N.D. Cal. Oct. 31, 2023) (holding that the transferor court lacked jurisdiction to hear motion for reconsideration after the transferee court had docketed the case). Accordingly, the Court lacks jurisdiction to consider Chen's motion for a stay.

Even if the court had jurisdiction to consider Chen's motion, Chen has not demonstrated any basis for relief from the Court's November 25, 2024 Order transferring the case. A district

court may certify an order for interlocutory appeal if it determines that the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation . . . ." 28 U.S.C. § 1292(b). "Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002). To that end, "section 1292(b) is to be applied sparingly and only in exceptional cases." *In re Cement Antitrust Litig.* (MDL No. 296), 673 F.2d 1020, 1027 (9th Cir. 1981), *aff'd sub nom. Arizona v. Ash Grove Cement Co.*, 459 U.S. 1190 (1983). Chen's motion does not identify any of the above bases justifying the extraordinary remedy of interlocutory appeal.

The Court thus denies Chen's motion to stay the Court's November 25, 2024, Order transferring this case to the Southern District of New York.

**IT IS SO ORDERED.**

Dated: November 27, 2024



JON S. TIGAR
United States District Judge

2